## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO
## CIVIL ACTION NO. 4:23CV-P40-JHM

**LEONEL MARTINEZ MIRANDA**                                                                 **PLAINTIFF**

**v.**

**OPD** *et al.*                                                                                    **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Leonel Martinez Miranda filed the instant *pro se* 42 U.S.C. § 1983 action. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is an inmate at the Lee Adjustment Center. In the caption of the complaint, he names as Defendants "OPD," which he identifies as Owensboro Police Department; "MPD," which the Court understands to be private entity located in Owensboro; and two OPD officers, Tim Clothier and Kraunwinkel, in their individual and official capacities. On the second page of the complaint, Plaintiff also indicates that he is suing the Owensboro City Attorney Mark Pfeifer in his individual and official capacities.

Also on page 2 of the complaint, Plaintiff states that he is seeking a preliminary injunction "for this Court to order OPD to produce MPD video that was use to obtained the arrest warrant" against him. He states that he is requesting the Court to order "an evidence hearing and for Detectives Clothier and Kraunwinkel to be present, at the hearing" and requesting the appointment of counsel. He further states, "On December 28, 2022 the City of Owensboro responded thought Open Records Request that, such video never existed and Owensboro Police was never in possession of MPD video."

On the following page, under the heading "Material Facts," Plaintiff states that an arrest warrant was issued against him on March 27, 2006, by Defendant Clothier "based on MPD video according with the affidavit for the arrest warrant, OPD, Owensboro Police Department have in possession a video footage from MPD showing the suspects getting into a white Crown Vic . . ." He states that the video will show that he was not involved in the crime for which he was convicted in 2007. He describes events at his trial and what he believes was improper testimony by Defendant Clothier. He refers to malicious prosecution and lists the six elements that must be established to assert a malicious prosecution claim under Kentucky law.

In the "Statement of Claim" section of his § 1983 complaint form, he states, "On march 27 2006 Tim Clothier with OPD issued an arrest warrant based on MPD video, the video was never produced, but on Dec 28 2022 the city attorney response that such video never existed." In the "Injuries" section, he states, "False arrested." In the "Relief" section, he states, "For OPD to produce the video and for this court to issued an evidence hearing and for Tim Clothier and Ed Kraunwinkel to be present at the hearing."

Plaintiff attaches several exhibits to his complaint, including a letter sent to him by City Attorney Pfeifer, which includes an attached letter dated September 14, 2022, sent by Pfeifer to the Office of the Kentucky Attorney General. The letter states as follow:

> On September 14, 2022, the City of Owensboro received the Notice of Appeal alleging a violation of the Open Records Act. Specifically, Leonel Martinez alleged that the City failed to make an effort to obtain an MPD video. For its response to the appeal, the City states:
>
> Mr. Martinez previously requested this video on March 8, 2016. At that time the City conducted an exhaustive search but was unable to locate the video, and informed Mr. Martinez that it did not have the video in its possession. Mr. Martinez filed an appeal and the Office of the Attorney General denied his appeal in 16-ORD-114. Mr. Martinez again requested the video in August 2022, and the City again notified him that it does not possess the video. The City relies on its previous arguments and on the Attorney General's prior decision on 16-ORD-114. The City

cannot produce something it does not have. Accordingly, there was no violation of the Open Records Act.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

The Court construes the complaint as alleging a claim for false arrest under § 1983. Section 1983 does not contain its own statute-of-limitations period, but constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

The applicable statute of limitations is determined by state law, but the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). Under federal law, "'the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Arauz v. Bell*, 307 F. App'x 923, 927-28 (6th Cir. 2009) (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). In other words, to determine when a § 1983 cause of action accrues, a district court must examine what event(s) should have alerted the typical individual to protect his or her rights. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015).

"[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Therefore, Plaintiff's statute of limitations on his false arrest

4

claim began to run on the date of his arrest, on March 27, 2006, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations expired one year later. Because the complaint was not filed until March 2023, approximately sixteen years after the expiration of the limitations period, it is obvious on the face of the complaint that Plaintiff's false arrest claim is untimely and must be dismissed as frivolous.

To the extent Plaintiff is also attempting to bring a claim for malicious prosecution under § 1983, the Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006). The tort of malicious prosecution is "entirely distinct" from that of false arrest, as the malicious prosecution tort "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process." *Wallace*, 549 U.S. at 390. "One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Thus, because Plaintiff does not allege that he "prevailed in the criminal proceeding that gave rise" to his malicious prosecution claim, and was in fact convicted, the claim must be dismissed for failure to state a claim upon which relief may be granted. *See Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 600 (6th Cir. 2007) (citing *Heck*, 512 U.S. at 484.).

Kentucky law also requires termination of the proceeding in favor of the accused to allege a state-law malicious prosecution claim. *Ward v. Borders*, No. 3:16-CV-393-RGJ, 2021 U.S. Dist. LEXIS 188983, at *23 (Sept. 30, 2021) (citing *Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2016)). Therefore, to the extent Plaintiff is bringing a state-law claim for malicious prosecution, it must also be dismissed for failure to state a claim.

While not clear, Plaintiff may also be attempting to bring a § 1983 claim for violation of the Due Process Clause in connection with the City of Owensboro's denial of his Open Records Act request. This claim is also barred by the statute of limitations. As stated above, the statute of limitations begins to run "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Arauz*, 307 F. App'x at 927-28. The letter attached to the complaint from City Attorney Pfeifer to the Office of the Kentucky Attorney General makes clear that Plaintiff made an Open Records Request for the video on March 8, 2016, and was denied the request. He therefore knew that his Open Records Request for the video was denied in 2016, and it is obvious on the face of the complaint that this action brought in March of 2023 is barred the one-year statute of limitations. Therefore, Plaintiff's claim under the Due Process Clause must be dismissed as frivolous.

## IV. CONCLUSION

The Court will enter a separate Order of dismissal for the reasons stated herein.

Date: August 21, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.010